UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

REBECCA MEYER,

    Plaintiff,                                              Case No.: 3:16-cv-152

vs.

COMMISSIONER OF                         District Judge Walter H. Rice
SOCIAL SECURITY,                       Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply memorandum (doc. 12), the administrative record (doc. 5, 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

A.  **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of May 1, 2009. PageID 211-23. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, degenerative disc disease, fibromyalgia, obesity, posttraumatic stress disorder ("PTSD"), and depression. PageID 852.

After initial denial of her applications, Plaintiff received a hearing before ALJ Theodore W. Grippo on May 18, 2012. PageID 70-101.[4] ALJ Grippo issued a written decision thereafter finding Plaintiff not disabled. PageID 46-59. Specifically, ALJ Grippo found that, based upon Plaintiff's residual functional capacity ("RFC") to perform a limited range of light work,[5] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 55.

Thereafter, the Appeals Council denied Plaintiff's request for review (PageID 31-39) and Plaintiff appealed. *Meyer v. Comm'r of Soc. Sec.*, No. 3:13-CV-357, 2015 WL 4550435, at *1-6 (S.D. Ohio Mar. 12, 2015). On appeal, the undersigned found ALJ Grippo's decision unsupported by substantial evidence, reversed the non-disability finding, and remanded the case for further proceedings -- namely, to "reexamine all medical source opinions anew, meaningfully explain the weight accorded all opinion evidence of record . . . and determine anew Plaintiff's RFC." *Id*. at *6.

---

[4] The ALJ previously set the case for administrative hearing on February 13, 2012, but that hearing was continued because Plaintiff was in the hospital. *See* PageID 66-69.

[5] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed to also be able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

On remand, Plaintiff received a hearing before ALJ Robert Semander on November 5, 2015. PageID 872-909. ALJ Semander issued a written decision thereafter finding Plaintiff not disabled. PageID 46-59. Specifically, ALJ Semander found that, based upon Plaintiff's RFC to perform a limited range of light work, she is "capable of performing past relevant work as a packager." PageID 862. Plaintiff did not seek Appeals Council review of ALJ Semander's decision. *See* 20 C.F.R. § 404.984(d) (in a case remanded by a Federal Court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"). Plaintiff instead elected to file a complaint in this case. Doc. 2. ALJ Semander's non-disability finding is now before the Court for review.

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 853-63), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When

substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) failing to properly weigh the opinion of treating primary care physician, Rick Gebhart, D.O., (2) incorrectly finding that Dr. Gebhart previously released Plaintiff to return to work; (3) improperly analyzing the opinions of certain non-treating medical sources; and (4) making findings regarding Plaintiff's work history that are unsupported by the record. Doc. 8 at PageID 1503. The Court finds reversible error in the ALJ's analysis of Dr. Gebhart's opinion and, therefore, the Court need not reach the merits of Plaintiff's other assignments of error.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically

acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, on February 2, 2011, Dr. Gebhart provided two separately signed written reports regarding Plaintiff's limitations. PageID 763-67. With regard to mental limitations, Dr. Gebhart

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

opined that, as a result of anxiety and depression, Plaintiff would, among other limitations: likely miss three days of work per week; not respond appropriately to supervisors, co-workers, and customary work pressures; be unable to sustain attention and concentration to normal work standards; not remember and carry out simple work instructions; not behave in an emotionally stable manner; and not relate predictably in social situations. PageID 763-66. With regard to physical limitations arising from Plaintiff's fibromyalgia, Dr. Gebhart found that Plaintiff could work only 2 hours per day; stand only 15 minutes at a time for a total of 1 hour per workday; sit for 30 minutes at a time for a total of 1 hour per workday; lift no significant weight; never bend or stoop; and never raise her arms above the shoulder. PageID 767. The ALJ gave little weight to Dr. Gebhart's opinion. PageID 861.

The undersigned finds error in ALJ Semander's assessment of Dr. Gebhart's opinions. Initially, the Court notes that the ALJ failed to mention the concept of "controlling weight" when analyzing Dr. Gebhart's conclusions, and further failed to specifically decline to give his opinions controlling weight. *Id.*; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule"). In fact, the ALJ misstated the requirements of the controlling weight test and cited the wrong subsection of 20 C.F.R. § 404.1527 in attempting to identify the factors at issue in the controlling weight analysis.[7] *See* PageID 861. Because of the ALJ's failure in this regard, the Court cannot determine whether he undertook the "two-step inquiry" required when analyzing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). Such

---

[7] As set forth above, the controlling weight test is set forth in 20 C.F.R. § 404.1527(c)(2). The ALJ incorrectly cited 20 C.F.R. § 404.1527(c)(2)(i) and (c)(2)(ii) as setting forth the applicable controlling weight factors. PageID 861. The specific language of 20 C.F.R. § 404.1527(c)(2) states that an ALJ is to "apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii)" only "[w]hen [the ALJ does] not give the treating source's medical opinion controlling weight[.]"

7

failure amounts to error. See *Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

Further, in minimizing Dr. Gebhart's opinions concerning Plaintiff's mental limitations, ALJ Semander set forth no specific reason justifying the rejection of controlling weight. Instead, the ALJ first noted that "Dr. Gebhart's notes do not support his functional limitation conclusions which indicate that her panic attacks were not chronic[.]" PageID 861. Such reason is relevant to the "supportability" inquiry under 20 C.F.R. § 404.1527(c)(2)(3), which again is a factor applied only after the ALJ does "not give the treating source's medical opinion controlling weight." 20 C.F.R. § 404.1527(c)(2); *see also Gayheart*, 710 F.3d at 376 (stating that "internal inconsistencies between the doctor's opinions and portions of her reports" is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight"). In addition, the Court's review of the notes cited by the ALJ make no mention of whether or not Plaintiff suffers from chronic panic attacks. PageID 1363, 1442, 1455. However, even if the notes cited did state that Plaintiff's panic attacks were not chronic, it is not clear -- absent some meaningful explanation by the ALJ -- how such information undermines Dr. Gebhart's opinion, an opinion setting forth specific limitations based most significantly upon Plaintiff's depression. *See* PageID 761-66.

The only other reason given by the ALJ in minimizing Dr. Gebhart's opinion concerning Plaintiff's mental limitations was the fact that "he is not a psychiatrist yet [he] diagnosed mental disorders and prescribed psychotropic mediations." PagID 861. Initially, the Court again notes that such critique is not relevant at the controlling weight stage of the treating physician analysis and, instead, is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376; *see also* 20 C.F.R. §§ 404.1527(c)(2) and (5). In addition, contrary to the ALJ's conclusions, Dr. Gebhart's

lack of specialty in psychiatry does not equate to a lack of qualification to offer mental health opinions -- especially since "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A family physician such as Dr. Gebhart is authorized to opine regarding Plaintiff's mental status. *Wert v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 935, 946 (S.D. Ohio 2016); *Byrd v. Comm'r of Soc. Sec.*, No. 3:14-CV-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-351, 2016 WL 1729550, at *6 (S.D. Ohio Mar. 28, 2016).

Based upon the foregoing, the undersigned concludes that the ALJ erred by failing to properly conduct a controlling analysis with regard to Dr. Gebhart's mental health opinions. *See Wilson*, 378 F.3d at 544 (stating that, "[a]lthough substantial evidence otherwise supports [a] decision of the Commissioner[,]" reversal may, nevertheless, be warranted if an ALJ fails "to follow its own procedural regulation, and the regulation was intended to protect applicants"). Finding error in this regard, the Court makes no finding as to whether the reasons provided by the ALJ in minimizing Dr. Gebhart's opinion regarding physical limitations are "good reasons" supported by substantial evidence. Instead, the ALJ should be directed to reassess Dr. Gebhart's entire opinion anew on remand.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately

establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). Here, the undersigned finds that evidence of disability is not overwhelming, despite two administrative hearings being held below. Remand for further proceedings is thus proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  July 11, 2017                             s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).